IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV02024 |
| PREMPRO PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| | : | |
| DOROTHY BONNER DINKINS | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| WYETH, INC., et. al. | : | DEFENDANTS |

**AMENDED ORDER**

Pending is Plaintiff's Second Motion for Leave to File Amended Complaint (Doc. No. 22) and Defendants' Renewed Motion for Summary Judgment Re: Statute of Limitations (Doc. No. 23). The motions were argued at the June 23, 2006 Status Conference and during at telephone conference held on July 18, 2006. The parties also filed supplemental briefs.

**I.   BACKGROUND**

Plaintiff was diagnosed with breast cancer in February 1998, but asserts that the release of the WHI results in July 2002 was the first time she was able to appreciate the relationship between her use of HRT drugs and her breast cancer. Along with 263 other women, Plaintiff filed a complaint on July 2, 2004. In that complaint and her subsequent fact sheet, Plaintiff alleged that she took Estraderm, Estratab, Provera and named Pfizer, Inc, Solvay Pharmaceuticals Corp, Solvay S.A., Novartis Group LLC, and Novartis Pharmaceuticals Corporation.

Defendants assert that Plaintiff's claims should be dismissed based on the statue of limitations. Plaintiff asserts that the statute of limitations were tolled because she asserted claims of fraud and fraudulent concealment.

**II.     DISCUSSION**

   **A.     Fraud and Suppression Claims**

Alabama requires that fraud be plead with particularity.[1]  "In the context of Ala. Code § 6-2-3, Rule 9(b) requires that a plaintiff aver the circumstances and events constituting the fraudulent concealment."[2]  Allegations of fraud must go beyond generalized or conclusory statements.[3]  "The purpose of the particularity requirement is to give fair notice to a defendant of the substance of the charges."[4]

   In *Henderson v. Washington Nat. Ins. Co.*, the plaintiff alleged that

   Defendants fraudulently suppressed and concealed the actual basis for their premium increases, which was, among other things, to impose such a financial burden and strain upon Plaintiff as to force her to cancel said policies [and that defendants] serviced the "group" policy purchased by Plaintiff so as to actively conceal or suppress the true nature of the policy and how premium increases were calculated.[5]

The 11th Circuit Court of Appeals concluded that although this language was "not highly detailed" it went beyond generalized and conclusory allegation, and was sufficient to put the defendant on notice.

   Here, Plaintiff alleges, among other things, that Defendants suppressed material fact and misrepresented the risk and benefits of HRT drugs in the labeling and through advertising, and that Plaintiff relied on the label and advertising to her detriment.[6]  Plaintiff contends that because

---

[1] Ala. R. Civ. P. 9(b).

[2] *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) (internal citations omitted).

[3] *See Lyde v. United Ins. Co.*, 628 So.2d 665, 670 (Ala. 1993).

[4] *Henderson*, 454 F.3d at 1284.

[5] *Id*.

[6] *See* Doc. Nos. 22 and 27.

2

of Defendants continuous campaign to downplay the risks through false and misleading information, she was not able to discover the possible causal relationship between her breast cancer and HRT until the release of the WHI study results on July 9, 2002.[7]

While Plaintiff's complaint is not a model of excellence with regard to pleading fraud and suppression, my "task is not to gauge the sufficiency of the pleadings."[8] Additionally, there seem to be material facts in dispute and Defendants have not "proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke Ala. Code § 6-2-3" tolling.[9] Accordingly, the language in the proposed amended complaint seems to meet the threshold recognized by the 11th Circuit in *Henderson*.

### B.     Appropriate Defendants

Plaintiff attempts to add defendants in her proposed second amend complaint, although the statute of limitations has run. She contends that this is permissible because her claims against the new defendants relate back to the original filing. I do not believe that Plaintiff has satisfied Rule 15 of either the Federal or Alabama Rules of Civil Procedure.[10] Accordingly, Plaintiff will be permitted to pursue claims against only those Defendants who she specifically made claims against in her 2004 Complaint.

---

[7]Doc. No. 27.

[8]*Henderson*, 454 F.3d at 1284.

[9]*Id*.

[10]*See Voncile Jackson v. Wyeth, et. al.*, 4:04-CV02087 (E.D. Ark. 2004), Doc. No. 18. I believe Part III of Defendants' Reply Memorandum in Support of Motion for Partial Summary Judgment and For Summary Judgment Based on Alabama Statutes of Limitations is directly on-point.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment is DENIED. Plaintiff's Second Motion for Leave to File Amended Complaint is GRANTED, and Plaintiff is directed to file her amended complaint by 5 p.m., Wednesday, November 15, 2006. However, the complaint should be modified to comply with this Order.

Specifically, based on her 2004 complaint, Plaintiff is permitted to name only Pfizer, Inc, Solvay Pharmaceuticals Corp, and Solvay S.A. -- if I am incorrect regarding who Plaintiff originally filed claims against, she should inform me in writing before filing her amended complaint.[11] Once the amended complaint is filed, the Clerk of the Court is directed to dismiss any remaining defendants.

Based on this Order, Plaintiff should remove Wyeth's name from the case caption.

IT IS SO ORDERED this 30th day of October, 2006.

    /s/ Wm. R.Wilson,Jr.
    UNITED STATES DISTRICT JUDGE

---

[11] Although Plaintiff originally named Novartis Group LLC and Novartis Pharmaceuticals as Defendants, the proposed amended complaint does not include them. Therefore, I assume that Plaintiff no longer wishes to pursue her claims against Novartis Group LLC and Novartis Pharmaceuticals.